JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK   **14 CV    9869**
-------------------------------------------------------- x

LEE GRICE

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, AND JOHN DOE #1-10

                                      Defendants.

-------------------------------------------------------- x

**COMPLAINT AND JURY DEMAND**

RECEIVED DEC 15 2014 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an illegal detention of Plaintiff occurring from September 26, 2013 through October 2, 2013, in which officers of the New York City Department of Corrections ("DOC"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false imprisonment, deliberate indifference, negligence and deprivation of his right to due process.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. Venue is laid within the United States District Court for the Southern District of New

York in that Defendant City of New York is located within, and the events occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

7. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Department of Correction (or "DOC"), was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DOC personnel. In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate employees in the jails, regardless of whether they are acting according to written policy. These practices, which are wide-spread, long-tolerated and uncorrected are deeply embedded in the DOC culture and therefore constitute unwritten policies or customs. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the DOC, and for ensuring that the DOC personnel obey the laws of the United States and the State of New York.

8. All other individual defendants ("the officers"), including John Doe #1-10, individuals whose names are currently unknown to plaintiff, are employees of the DOC, and are sued in their individual capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

10. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

11. On or about September 20, 2013, plaintiff was arrest in conjunction with Kings County Criminal Court docket number 2013KN072830.

12. On September 21, 2013 Plaintiff was assigned bail and placed in the custody of the DOC.

13. Plaintiff was assigned NYSID # 08280819J as his unique identifier by DOC.

14. Plaintiff was scheduled to appear in court again on September 24, 2013.

15. DOC failed to produce plaintiff for court on September 24, 2013.

16. Plaintiff appeared in court again on September 26, 2013 in Part MBTC (Misdemeanor Brooklyn Treatment Court) at the Kings County Criminal Court.

17. The September 26, 2013 court appearance was presided over by the Honorable Judge Betty Williams.

18. On September 26, 2013 Plaintiff entered a plea of guilty and received a sentence of "time served."

19. Plaintiff's sentence should have resulted in his immediate release from custody with no additional jail time served.

20. On the record Judge Williams noted that there was a "hold" on plaintiff, but that he had no other open criminal cases. Accordingly Judge Williams ordered that plaintiff report to DOC before his release so that the improper hold could be cleared.

21. After appearing before Judge Williams, plaintiff was delivered back into the custody of DOC staff.

22. DOC no longer had any legal basis to hold plaintiff after his court appearance on September 26, 2013.

23. However, DOC staff in the Kings County Criminal Courthouse failed to release plaintiff.

24. Upon information and belief, DOC staff in the Kings County Criminal Courthouse failed to properly investigate plaintiff's status, and/or were negligent in doing so.

25. Plaintiff was returned to the Riker's Island prison complex following his court appearance on September 26, 2013.

26. Upon information and belief, DOC staff in the Riker's Island prison complex failed to properly investigate plaintiff's status, and/or were negligent in doing so.

27. Following plaintiff's sentencing on September 26, 2013, DOC had no legal basis to continue to hold him.

28. Nevertheless, plaintiff was held by DOC, over his objection until October 2, 2013.

29. While he remained at Riker's Island, plaintiff reported to many Corrections Officers and DOC staff that he was being held erroneously. However, these individuals failed to take any action investigate these claims or release plaintiff.

30. Plaintiff also contacted his criminal defense attorney at the Legal Aid Society regarding his continued detention.

31. When the Legal Aid Society investigated plainitff's continued detention, DOC's "Inmate Lookup" service reflected that plaintiff was being held in relation to docket number 2013NY070747.

4

32. Docket number 2013NY070747 was associated with a different criminal defendant, with a different name and different unique identification number from plaintiff. The plaintiff never had any involvement with Docket number 2013NY070747.

33. On September 30, 2014 the Legal Aid Society contacted DOC's legal department on plaintiff's behalf. At this point DOC's legal department indicated they were already aware of the error regarding plaintiff.

34. Despite those representations on September 30, 2014, plaintiff was not immediately released.

35. Plaintiff was ultimately released from DOC custody on October 2, 2014, after having spent approximately seven days in DOC custody without legal basis.

36. Upon information and belief, the negligence and/or deliberate indifference of DOC staff caused the illegal detention of plaintiff.

## DAMAGES

37. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.  Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f.  Loss of liberty;

g.  Economic loss.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)

38. The above paragraphs are here incorporated by reference.

39. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

40. Defendants falsely imprisoned plaintiff, held him in custody without due process, were deliberately indifferent to his continued detention, and failed to intervene in each other's obviously illegal actions.

41. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

42. The above paragraphs are here incorporated by reference.

43. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

44. The City has been alerted to the frequent illegal incarceration of inmates past the expiration of their sentence, after bail has been properly posted, and on warrants that have been lifted or cannot be reasonably be linked to the inmate actually in custody, but has nevertheless exhibited deliberate indifference to such false imprisonments; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

45. The aforesaid event was not an isolated incident. The City of New York has been aware for some time (from lawsuits, notices of claim, inmate complaints, internal investigations, etc.) that many of their officers are insufficiently trained on how to avoid unlawful imprisonment and to properly verify the validity of a warrant. The City of New York insufficiently disciplines officers for not reporting fellow officers' misconduct that they have observed, and it fails to discipline officers for making false statements to disciplinary agencies.

46. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

47. The City of New York knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision

7

not only is this abusive behavior ignored, it is condoned.

48. The City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

49. The City of New York, despite an increase in the amount of lawsuits filed, the amounts paid out in settlement and the amounts spent on litigation costs, fail to review litigation stemming from misconduct by correction officers for patterns, practices and personnel which are likely to cause citizens' constitutional violations. By ignoring these patterns, practices and personnel which are the sources of constitutional violations, the City is liable under municipal liability.

50. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

51. The City of New York has damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

52. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City of New York.

### THIRD CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

53. The above paragraphs are here incorporated by reference.

54. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

55. Defendants intended to confine plaintiff.

56. Plaintiff was conscious of the confinement and did not consent to it.

57. The confinement was not privileged.

58. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(NEGLIGENCE)

59. The preceding paragraphs are here incorporated by reference.

60. Defendants had a duty to plaintiff to uphold a reasonable standard of care to arrested persons in their custody.

61. Defendants breached that duty by failing to exercise reasonable care when it continued to incarcerate plaintiff after his court ordered sentence had ended. In addition, defendants breached their duty to plaintiff by continuing to hold him after affirmatively learning that he was no longer validly held.

62. This breach caused plaintiff injury.

## FIFTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

63. All preceding paragraphs are here incorporated by reference.

64. Defendants, acting under color of law, violated plaintiff's rights pursuant to §6 and 12 of the New York State Constitution.

65. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

66. The preceding paragraphs are here incorporated by reference.

67. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

68. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         December 9, 2014

Very truly yours,

*[signature]*

Stoll, Glickman & Bellina, LLP
By: Nicholas Mindicino
Attorney for Plaintiff
475 Atlantic Ave.
Brooklyn, NY 11217
(718) 852-3710 x103

TO: New York City
    Corporation Counsel Office
    100 Church Street, 4th floor
    New York, NY 10007